UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>FEDERICO GUILLERMO KLEIN,<br>also known as "Freddie Klein,"<br><br>Defendant. | Case No. 21-CR-236 (JDB) |

### ORDER

Defendant is charged via indictment with three felony offenses and five misdemeanor offenses related to the events that occurred at the United States Capitol on January 6, 2021. Following a hearing before Magistrate Judge Faruqui on March 9, 2021, defendant was ordered detained pending trial. See Min. Entry (Mar. 9, 2021); Order of Detention Pending Trial [ECF No. 11]. Magistrate Judge Faruqui also ordered that the time between March 9 and March 22, 2021 be excluded under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. Min. Entry (Mar. 9, 2021). Defendant has represented that he intends to file a motion seeking this Court's review of Magistrate Judge Faruqui's detention order. That motion is due March 31, 2021, and a hearing on the issue has been set for April 9, 2021.

The government has moved for a sixty-day continuance and exclusion of time under the Speedy Trial Act. Gov't's Mot. to Continue & to Exclude Time Under the Speedy Trial Act ("Gov't's Mot.") [ECF No. 15]. Defendant objects to these requests. As explained below, the Court will grant a limited continuance and exclude the time between March 22, 2021 and April 9, 2021 under the Speedy Trial Act. The Court makes the following findings:

Discovery in this case is complex. The investigation and prosecution of offenses relating to the events of January 6 will likely be one of the largest in American history, both in terms of

the number of defendants prosecuted and the nature and quantity of the evidence. And the volume of discoverable materials is likely to be significant even in cases involving a single defendant. Over 300 individuals have already been charged in connection with these events, and the government expects to charge at least 100 more. The evidence accumulated thus far includes: (a) more than 15,000 hours of surveillance and worn camera footage from multiple law enforcement agencies; (b) approximately 1,600 electronic devices; (c) the results of hundreds of searches of electronic communication providers; (d) over 210,000 tips, of which a substantial portion include video, photo and social media; and (e) over 80,000 reports and 93,000 attachments related to law enforcement interviews of suspects and witnesses and other investigative steps. Gov't's Mot. at 2–3.

In light of this complexity, the government is developing a comprehensive plan, in consultation with the Federal Public Defender, for handling discovery across all cases connected to the January 6 events. The discovery most directly and immediately related to pending charges in cases involving detained defendants will be provided within the next thirty to sixty days. Id. at 3. However, it will take additional time to develop a system for storing, organizing, searching, producing and/or making available the full scope of discoverable materials—such as those that are less directly and immediately related to the pending charges—to all defendants. See id.

Due to the briefing schedule set in connection with defendant's forthcoming motion for pretrial release, as well as the number of individuals currently charged in connection with the events of January 6, the scope of the ongoing investigation, the volume and nature of potentially discoverable materials, and the reasonable time necessary for effective preparation by all parties taking into account the exercise of due diligence, the failure to grant a continuance in this proceeding would likely make a continuation of this proceeding impossible, or result in a

miscarriage of justice. For the same reasons, it is unreasonable to expect adequate preparation for pretrial proceedings or trial itself within the time limits established by the Speedy Trial Act. Hence, under 18 U.S.C. §§ 3161(h)(7)(B)(i) and (ii), the ends of justice served by granting a continuance from March 22, 2021 to April 9, 2021 outweigh the best interest of the public and the defendant in a speedy trial. Furthermore, in light of defendant's stated intention to file a motion on March 31, 2021 seeking pretrial release, the period of time from the filing of that motion through at least the hearing set for April 9, 2021 is also excluded from the speedy trial computation under 18 U.S.C. § 3161(h)(1)(D).[1]

\* \* \*

For the foregoing reasons, it is hereby **ORDERED** that [15] the government's Motion to Continue and to Exclude Time Under the Speedy Trial Act is **GRANTED IN PART** at this time; it is further **ORDERED** that this matter is continued to April 9, 2021 at 2:00 p.m.; and it is further **ORDERED** that the time period from March 22, 2021 through and including April 9, 2021 is hereby excluded from the computation within which a trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: March 26, 2021

---

[1] The Court also notes that, in light of the "exigent circumstances created by the COVID-19 pandemic," Chief Judge Howell has entered a District-wide Standing Order excluding time through August 31, 2021 under 18 U.S.C. § 3161(h)(7)(B)(i) in all criminal cases "that cannot be tried consistent with [] health and safety protocols and limitations." See Standing Order No. 21-10 (BAH) (Mar. 5, 2021).