**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | **Criminal No. 1:21-CR-00236-JDB** |
| **v.** | ) | |
| | ) | |
| **FEDERICO GUILLERMO KLEIN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

<u>**SUPPLEMENT TO DEFENDANT FEDERICO KLIEN'S MOTION FOR REVIEW AND REVOCATION OF DETENTION ORDER**</u>

Defendant Federico (a/k/a Freddie) Klein, by and through the undersigned counsel,

respectfully submits this supplement to its Motion for Review and Revocation of the Court's

Pretrial Detention Order.  At the Court's April 9, 2021 Hearing on Mr. Klein's Motion, the Court

inquired of the government as to whether there are others among the group to have amassed in

"the Tunnel" entrance of the West Terrace of the Capitol Building who have been charged and

detained pending a trial on their charges.  While not purporting to have identified all such cases,

this supplement identifies those cases now known to the defense after a diligent attempt to search

for the same.  Specifically, the defense searched for references to "the Tunnel" in government

filings and identified references to the accused appearing in or at the entrance of the Tunnel at

the West Terrace.[1]

---

[1] Mr. Klein repeats his observation that as the only party with knowledge of the government's request, or not, to seek pretrial detention, Mr. Klein is at a distinct disadvantage in identifying such cases.  Despite this, the government was not able to identify the majority of the cases cited herein at the Court's April 9 Hearing and had not otherwise responded to Mr. Klein's identification of cases in which detention was not sought, including those identified at the March 9, 2021 detention hearing.

First, at the hearing the government identified the case of Patrick McCaughey (21-cr-40). Mr. McCaughey is charged, *inter alia*, with violating 18 U.S.C. § 111(b), for allegedly assaulting a police officer with a riot shield including having "pin[ned] [an] officer's body between the stolen riot shield and the lower west terrace door" [after which] "another rioter rips off [the officer's] gas mask, exposing [the officer's] bloodied mouth [while the officer] continues screaming and cannot move and is helpless to defend himself."  Govt. Opp. Mot. Reopen Detention Hr. and for Release, *United States v. McCaughey*, No. 21-cr-00040-TNM (D.D.C. April 7, 2021).  The video cited by the government depicts the office being crushed between the shield and the door and screaming – albeit the defense disputes whether the officer was screaming in pain or to get attention.  Later, Mr. McCaughey is depicted "repeatedly strik[ing] multiple officers with the stolen riot shield."  *Id.* at 5.  Although Mr. McCaughey has been ordered detained, he recently appealed that order, which the government has opposed, and which the court has yet to rule upon.

Of note, Mr. McCaughey is a codefendant, charged along with Tristan Stevens.  Mr. Stevens is also charged, *inter alia*, with violating 18 U.S.C. § 111(b), and alleged to have been in the Tunnel, in possession of a riot shield that he was "holding . . . and using . . . to push against the line of rioters . . . as the rioters add their weight and push him [while] at one point, the shield Stevens is holding also strikes an officer in the helmet."  Complaint, *United States v. Stevens*, No. 21-cr-00040-TNM (D.D.C. Feb. 3, 2021).  At his initial appearance on February 23, 2021, Mr. Stevens was released by Magistrate Judge Faruqui on his own personal recognizance with location monitoring and the government has not appealed that order (and confirmed for the Court at Friday's hearing that it was not intending to appeal that order).

Others whom have been released pending trial include John Steven Anderson (21-cr-00215), whom is alleged to have "pull[ed] a [riot] shield away from an unseen person and then pass the shield into the crowd." Complaint, *United States v. Anderson*, No. 21-cr-00215, at 5 (D.D.C. Feb. 17 2021). Mr. Anderson is also alleged to be depicted "touching and then assisting in passing a second police shield into the crowd . . . [and depicted by] MPD officers stationed by the lower west terrace door . . . standing inside the door holding a police shield." *Id.* at 8. And Mr. Anderson is also alleged to have engaged in an altercation with officers in which he resists an officer's effort to take the shield from Anderson. In the words of the officer, "you're gripping the shield, let it go. I wills pray you right now if you don't let it go." *Id.* at 9. Following a detention hearing, Mr. Anderson was released on personal recognizance by Magistrate Judge Faruqui, the government did not appeal that order, and the government recently consented to a modification of that release order allowing Mr. Anderson to travel to Michigan without seeking prior authorization.

Ezekiel Stecher (21-mj-00276) has also been released pending trial, despite being depicted "against the wall of the Lower West Terrace . . . pushing the crowd forward, toward the [MPD] riot line and into the doors [within the Tunnel] of the U.S. Capitol. Complaint, *United States v. Stecher*, No. 21-mj-00276 at 3 (D.D.C. March 4, 2021). Mr. Stecher is also depicted "inside the first set of metal and glass double doors into the U.S. Capitol off the Lower West Terrace . . . pushing against the line of MPD officers who are blocking the second set of metal and glass double doors." *Id.* at 7. Stecher was released on home confinement by a New Jersey Magistrate, which the government did not appeal, and on April 6, 2021, the government consented to a motion to modify his release conditions, allowing him to leave his home for work.

Andrew Jackson Morgan (21-mj-00352) has been released pending trial despite being allegedly depicted in his own video entering the Tunnel of the West Terrace:  "At one point when the rioters are pushed back, Morgan can be heard yelling we need more people." Complaint, *United States v. Morgan*, No. 21-mj-00352, at 4 (D.D.C. April 2, 2021).  "At another point, Morgan yells words to the effect of 'send helmets forward' when rioters are fighting with law-enforcement.  *Id.* at 5.  "At another point, Morgan states words to the effect of 'fresh people – fresh people, are we in?"  *Id.*  The government did not oppose Mr. Morgan's release on his own personal recognizance.

Also released pending trial is Robert Scott Palmer (21-mj-00301), who has been charged with a violation of 18 U.S.C. § 111(b), and is alleged to have been depicted "throwing what appears to be a wooden plank at USCP and MPD officer protecting the [area outside the Tunnel of] the Lower West Terrace entrance."  Complaint*, United States v. Palmer*, No. 21-mj-00301, at 3 (D.D.C. March 12, 2021).  Palmer is also allegedly depicted "spraying the contents of a fire extinguisher at the officers and then throwing the fire extinguisher at them. . . [and then] picking up the fire extinguisher from the ground and throwing it at the officers a second time."  The government did not object to Mr. Palmer's release.

On the other hand, several defendants accused of far more serious conduct, like Mr. McCaughey, have been ordered detained pre-trial.  For example, Shane Leedon Jenkins (21-cr-00245) "could be seen pulling a 'small crowbar' out of his bag and smashing a window to the left of the [T]unnel in the Lower West Terrace area of the U.S. Capitol."  Complaint, *United States v. Jenkins*, No. 21-cr-00245, at 2 (D.D.C. March 2, 2021).  "Jenkins can [also] be seen retrieving objects from the ground and throwing them at USCP and MDP officers stationed in the [Tunnel].  Some of the items . . . observed [thrown by] Shan Jenkins [include] a pole, a desk

drawer, some type of pipe/metal rod, and a flagpole, [some of which can be observed] land[ing] on top of the heads of several of the MPD and USCP officers inside the entranceway tunnel." *Id.* at 4.  Mr. Jenkins has been ordered detained since his arraignment, which he has yet to appeal.

David Lee Judd (21-mj-00334) has also been ordered detained pending trial and is depicted having "join[ed] the group [in the Tunnel] as the rioters push in unison against the officers [where he can be seen] next to another rioter yelling for the crowd to pass back the stolen riot shields in order to make a 'shield wall.'"  Complaint, *United States v. Judd*, No. 21-mj-00334, at 6 (D.D.C. March 23, 2021).  In addition, "Judd can also be seen on the surveillance footage walking into the tunnel [where] [h]e then lights an object [described by others as a firework] on fire and throws it at the line of law enforcement officers who are guarding the Lower West Terrace doors to the United States Capitol Building. . . ." *Id.* at 8.

And Mark Ponder (21-cr-00259) "is first captured on video . . . running out from the crown on the Lower West Terrace and striking a uniformed officer with a long, thin pole[,] [which] [a]s the offer protects himself by holding a riot shield above his head, . . . breaks in two, with part of the pole flying off to the side."  Memo. in Support of Pretrial Detention, *United States v. Ponder*, No. 21-cr-00259, at 4-5 (D.D.C. March 21, 2021).  "Approximately a minute later, . . . Ponder is again captured on video, this time holding a new pole colored in red, white, and blue stripes[,] [which he uses to] strike[] an officer as he guards the terrace [outside the Tunnel]." *Id.* at 5.  Ponder has been ordered held pretrial by Magistrate Judge Faruqui.

In addition, we have identified one case pending a final detention determination.  For example, although a Magistrate Judge initially ordered Christopher Quaglin (21-mj-00355) released, Chief Judge Howell stayed his release and a hearing is pending based on the government's allegation that Quaglin donned "a black helmet . . . and a gas mask . . . [and is]

seen repeatedly assaulting multiple law enforcement officers guarding the Capitol." Mot. Emerg. Stay and for Review and Appeal of Release, *United States v. Quaglin*, No. 21-mj-00355 at 4 (D.D.C. April 7, 2021). Further, Quaglin is allegedly depicted on Capitol Police surveillance video "shov[ing] an officer . . . and "proceed[ing] to hold and push a USCP Officer by the neck," and "appear[ing] to physically strike and shove the USCP Officer." *Id.* 5-6. Quaglin is also alleged to have been depicted on video "spray[ing] chemical irritant directly into the face of an MPD Officer, who does not have a face shield or gas mask protecting him" and "can be seen using a stolen shield to push up against law enforcement officer and then hitting that same MPD Officer in the side of the neck and face [with the shield]." *Id.* at 13. In its emergency request for a stay of a release order, the government also cites numerous social media posts alleged to be by Mr. Quaglin both detailing his planning in advance of January 6, as well as celebrating after the fact, including that Mr. Quaglin had allegedly "been planning for this" since President Obama assumed office.

* * *

A review of the cases pending against those alleged to have participated in the events of January 6 demonstrate that the conduct Mr. Klein is alleged to have committed does not warrant detention, even in the view of the government. The government has not sought detention for those alleged to have encouraged the participation of others (e.g., by yelling "we need fresh people" – Stevens – 21-cr-00040; Morgan – 21-mj-00352); nor those who have wielded riot shields (Stevens – 21-cr-00040; Anderson – 21-cr-00215), or pushed against the MPD officer line (Stevens – 21-cr-00040; Stecher – 21-mj-00276), within the Tunnel. Like, Mr. Klein, a common denominator among these cases is the fact that the defendants are not alleged to have injured anyone in fact.

Contrast these cases, and the allegations against Mr. Klein, with others detained pretrial and alleged to have engaged in far more egregious conduct including having pinned an officer between a door and a riot shield (McCaughey – 21-cr-00040); violently assaulting an officer in the side of the neck with a riot shield and spraying chemical irritant directly into the eyes of an officer (Quaglin – 21-mj-00355); repeatedly throwing objects, including a pole, a desk drawer, some type of pipe/metal rod, and a flagpole at officers (Jenkins – 21-cr-00245); lighting and throwing fireworks at officers (Judd – 21-mj-00334), and striking an officer so violently with a pole that it shatters on his riot shield (Palmer – 21-mj-00301).

The only factor cited by the government not addressed in any of the preceding cases is the fact that Mr. Klein was a government employee on January 6 who had been issued a Top Secret Security Clearance as part of his employment.  Contrary to the assertion of the government, this factor demonstrates that Mr. Klein is a reputable member of his community whose service to our country has only been exemplified by his service in our Armed Forces, including in the Iraq War.  There appears to be no precedent, and the government has cited none, applying a different standard for pretrial detention because one "should have known better" or, as articulated by the government at the April 9 hearing, because one was motivated by their politics or political beliefs.  Moreover, the government concedes it has no evidence to suggest that Mr. Klein harbored any intent to engage in any violence on January 6, or any day thereafter. Govt. Opp. at 18 (ECF No. 18).  Because the government has failed to specifically identify an articulable threat posed by Mr. Klein to the community, the government is not entitled to his pretrial detention.  *See United States v. Munchel*, 2021 U.S. App. LEXIS 8810, at *17 (D.C. Cir. March 26, 2021) ("The crux of the constitutional justification for preventative detention under the Bail Reform Act is that, '[w]hen the Government proves by clear and convincing evidence

that an arrestee presents an *identified and articulable threat* to an individual or the community, . . . a court may disable the arrestee *from executing that threat.*'"  (emphasis added) (*quoting United States v. Salerno*, 481 U.S. 739, 751 (1987)).

[SIGNATURE ON NEXT PAGE]

Dated: April 12, 2021                    Respectfully submitted,

                                         _____ /s/ Stanley E. Woodward, Jr._____
                                         Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                         BRAND WOODWARD, ATTORNEYS AT LAW
                                         1808 Park Road NW
                                         Washington, DC  20010
                                         202-996-7447 (telephone)
                                         202-996-0113 (facsimile)
                                         Stanley@BrandWoodwardLaw.com

                                         Kristin L. McGough (D.C. Bar No. 991209)
                                         LAW OFFICE OF KRISTIN L. MCGOUGH
                                         400 Fifth Street, NW
                                         Suite 350
                                         Washington, DC  20001
                                         202-681-6410 (telephone)
                                         866-904-4117 (facsimile)
                                         kristin@kmcgoughlaw.com

                                         *Counsel for Defendant Federico Guillermo Klein*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| | ) |
| | )  Criminal No. 1:21-MJ-00269-GMH-1 |
| v. | ) |
| | ) |
| **FEDERICO GUILLERMO KLEIN**, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## <u>CERTIFICATE OF SERVICE</u>

On April 12, 2021, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to the following registered parties:

> Kimberley Charlene Nielsen
> Jocelyn Bond
> U.S. Attorney's Office
> 555 4th Street, Northwest
> Washington, District of Columbia  20532

*/s/ Stanley E. Woodward, Jr.*

Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD, ATTORNEYS AT LAW
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Federico Guillermo Klein*
