UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case: 21-mc-00078 |
| | : | |
| | : | |
| FEDERICO GUILLERMO KLEIN, | : | Case No. 21-cr-236-JDB |
| also known as "Freddie Klein," | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO APPLICATION FOR
ACCESS TO VIDEO EXHIBITS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to the Court's June 15, 2021 Order, directing the government to respond to applicants Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Buzzfeed, Inc. d/b/a BuzzFeed News, CBS Broadcasting Inc. o/b/o CBS News, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Gannett Co., Inc., Gray Media Group, Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, Pro Publica, Inc., Tegna, Inc., and WP Company LLC, d/b/a The Washington Post (together, the "Press Coalition") request to access video exhibits admitted into evidence during the detention hearing in the above-captioned matter.

The D.C. Circuit has consistently employed the six-factor test set out in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), to determine whether the common-law right of access to judicial records requires those records to be made available to the public for copying and

inspection.¹ Applied in the general context of video exhibits admitted into evidence in court hearings involving defendants charged with criminal offenses related to the January 6, 2021 breach of the U.S. Capitol, and absent order of the Court, that test generally weighs in favor of allowing public access to these exhibits.

Applying the *Hubbard* factors to this case, the government does not oppose disclosure of the video exhibits and will make the videos available to the Press Coalition via a "drop box" platform, pursuant to the parameters outlined in Chief Judge Beryl A. Howell's May 14, 2021 Standing Order No. 21-28. In addition, the video exhibits were not filed under seal in this matter. Accordingly, the government is not requesting any restrictions on the Press Coalition's ability to download or copy the videos unless the defendant opposes the public dissemination of those videos and can articulate a specific and particularized prejudice to him as part of making the requisite showing under *Hubbard*. *See generally Hubbard*, 650 F.2d at 320-21 ("Thus, the possibility of prejudice to the defendants by sensational disclosure is a factor which may weigh in favor of denying immediate public access. The likelihood of prejudice will in turn depend on a number of factors, including, most importantly, the nature of the materials disclosed.").

---

¹ The *Hubbard* test balances the following factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Leopold v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).

## CONCLUSION

WHEREFORE, the United States does not oppose the Press Coalition's application.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By: /s/ *Kimberley C. Nielsen*
KIMBERLEY C. NIELSEN
JOCELYN BOND
Assistant United States Attorneys
N.Y. Bar No. 4034138
555 4th Street, N.W., Room 9913
Washington, D.C. 20530
202-252-7418
Kimberley.Nielsen@usdoj.gov
Jocelyn.Bond@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2021, I caused a copy of the foregoing to be served on counsel of record via electronic filing.

/s/ *Kimberley C. Nielsen*
KIMBERLEY C. NIELSEN
Assistant United States Attorney
