IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**FEDERICO GUILLERMO KLEIN,**<br><br>**Defendant.** | )<br>)<br>)  Criminal No. 1:21-CR-00236-JDB<br>)<br>)<br>)<br>)<br>)<br>) |

### MOTION FOR RETURN OF PROPERTY

Defendant Federico (a/k/a Freddie) Klein, by and through the undersigned counsel, hereby respectfully moves this Court for an Order, pursuant to Rule 41 of the Federal Rules of Criminal Procedure, directing the United States Attorney's Office for the District of Columbia to return Mr. Klein's cell phone, dashboard camera, and related media.

**I.   Procedural Background**

On March 3, 2021, Mr. Klein was arrested. According to a Federal Bureau of Investigation Collected Item Log, at or about the time of his arrest, Mr. Klein's iPhone was seized by law enforcement for the vehicle he was in when arrested and was subsequently processed pursuant to a warrant issued on March 11, 2021. Thereafter, on March 12, 2021, a warrant for the search of Mr. Klein's vehicle was issued and, *inter alia*, his Blackvue dashboard camera and related media were seized.[1]

Shortly after his release from custody, Mr. Klein, though his counsel, separately requested the return of his phone as well as his dashboard camera. Initially, the government advised that: "We are working on getting the phone released. There is some paperwork that

---

[1] Mr. Klein respectfully reserves the right to challenge the validity of the government's seizure of his phone as well as the warrant obtained to effect the search of the phone.

Page **1**

needs to be filled out, and once I get confirmation on that, we can get the ball rolling in that direction." Thereafter, on May 6, 2021, the government advised that, "we would be happy to release Mr. Klein's phone as evidence in the case provided that Mr. Klein is willing to agree to the attached stipulation. This stipulation was subsequently revised following discussions with the Office of the Federal Public Defender for the District of Columbia, although that office has not approved or, to the undersigned's knowledge, accepted the stipulation as drafted. The stipulation provides, *inter alia*, that Mr. Klein agree that: "[t]he [digital] Images [of Mr. Klein's phone] are accurate duplicates of the Digital Media and were created using reliable methods" and "[t]he Images of the Digital Media and/or any other copies are 'admissible [into evidence] to the same extent as the original,' within the meaning of Federal Rule of Evidence 1003."

Although Mr. Klein advised the government of his position that the physical device is not necessary for the government to seek the admission of evidence obtained from the device, the government has nevertheless advised that: "Regarding Mr. Klein's i-phone, we are unable to release that evidence without the proposed stipulation in place. The i-Phone is evidence in Mr. Klein's criminal case and may be evidence in the related criminal cases of the 400+ other individuals who were on Capitol grounds that day." Of note, the government has not identified what images or other media they would have Mr. Klein stipulate to the authenticity of, but rather is requiring a blanket stipulation applicable to *all* records obtained from Mr. Klein's phone for *any* case in which it might be introduced.

The government has neither produced any evidence obtained from the seizure of Mr. Klein's dashboard camera nor addressed Mr. Klein's request for the return of the dashboard camera.

Accordingly, Mr. Klein brings this motion seeking the release of his phone pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.

**II.     Argument**

Rule 41(g) of the Federal Rules of Criminal Procedure "allows the owner of property the government has seized in a search to seek its return." *In re Sealed Case*, 716 F.3d 603, 605 (D.C. Cir. 2013). And the D.C. Circuit has instructed that "the district court has both the jurisdiction and the duty" to ensure the return "to the defendant [of] property seized from him in the investigation but which is not alleged to be stolen, contraband, or otherwise forfeitable, and which is not needed, or is no longer needed, as evidence." *United States v. Wilson*, 540 F.2d 1100, 1103-04 (D.C. 1976).

   A. *Mr. Klein's iPhone Must be Returned.*

There can be no dispute that Mr. Klein's physical phone has "exhaust[ed] its utility in criminal prosecution." *United States v. Brown*, 185 F. Supp. 3d 79, 82 (D.D.C. 2016) (*quoting United States v. Hubbard*, 650 F.2d 293, 303 (D.C. Cir. 1980). As proffered by the government's own stipulation, "[t]he government has created an exact and accurate image (the "Image") of the Digital Media [Mr. Klein's phone] by performing an extraction for the purpose of searching the Image."

Yet, the government insists it cannot facilitate the return of Mr. Klein's phone absent a blanket stipulation that any media obtained from the phone was processed in such a way as to ensure its authenticity.

To the contrary, no Federal Rule requires a *physical phone* to authenticate materials extracted from it. Even where evidence "is not readily identifiable and is susceptible to alteration by tampering or contamination . . . [t]he trial court need not rule out *every* possibility that the evidence underwent alteration, it need only find that the reasonable probability is that the

evidence has not been altered in any material aspect." *United States v. Durham*, 902 F.3d 1180, 1232 (10th Cir. 2018).  In *Durham*, the United States Court of Appeals for the Tenth Circuit provided a detailed procedural overview of the process of authentication of media obtained from a search of a phone *that had been returned to the witness who provided it.  Id.* at 1230.  In testimony, the government explained to the court that it had created a "mirror image" of the phone in question, which would allow it to "return the phone and do a forensic review on the computer, it would be just like we had her phone." *Id.*

     Here, the government has created an image of Mr. Klein's phone utilizing a software program called Cellebrite, a copy of which has been provided to defense counsel.  *See Burns v. United States*, 235 A.3d 758, 770 (D.C. 2020) (describing Cellebrite's extraction process as creating an image "of the phone's entire contents").  The government does not explain why the physical device is necessary to effect the authentication of the phone, which would presumably rely on the testimony of its expert responsible for extracting the data from the phone as well as including a sufficient foundation to establish the chain of custody of the phone so as to "render it improbable that the original item has either been exchanged with another or been contaminated or tampered with." *Durham*, 902 F.3d at 1233 (*quoting United States v. Johnson*, 977 F.2d 1360, 1367 (10th Cir. 1992)).[2]

     Moreover, the continued possession of Mr. Klein's phone implicates significant privacy rights.  As Chief Justice Roberts described the cell phone in the Supreme Court's recent opinion limiting the circumstances in which a search is appropriate:  "[Cell phones] are now such a pervasive and insistent part of daily life that the proverbial visitor from Mars might conclude they were an important feature of human anatomy." *Riley v. California*, 573 U.S. 373, 385

---

[2] Of course, a defendant can, and Mr. Klein respectfully reserves the right to, challenge the authentication of any records extracted from a cellular device and may also call a forensic expert to challenge the same.  See id. at 1233.

(2014).  The government's continued possession of Mr. Klein's phone provides it with unfettered access to "many distinct types of information—an address, a note, a prescription, a bank statement, a video—that reveal much more in combination than any isolated record."  *Id.* at 394.  And all the government need do is turn the device on to have it automatically download this updated information – including correspondence with counsel – created well after the warrant for its search was issued.

      B.  *Mr. Klein's Dashboard Camera and Related Media Must Also be Returned.*

There can be no dispute that Mr. Klein's dashboard camera has "exhaust[ed] its utility in criminal prosecution."  *Brown*, 185 F. Supp. 3d at 82 (*quoting Hubbard*, 650 F.2d at 303).  It has now been more than a month since Mr. Klein first requested the return of his dashboard camera with no response from the government.  Like his phone, the government has had more than sufficient opportunity to seek a search warrant and image the contents of the camera and related media.  Indeed, perhaps more compelling is the fact that this content created by the dashboard camera is stored on removable medium.  Accordingly, there is no reason the government cannot return Mr. Klein's dashboard video camera and related media.

## CONCLUSION

For the reasons set forth above, Mr. Klein respectfully requests this Court order the government to return to Mr. Klein his physical iPhone as well as his dashboard camera and related media.

[SIGNATURE ON NEXT PAGE]

Dated: July 12, 2021                    Respectfully submitted,

                                                                      */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD, ATTORNEYS AT LAW
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

Kristin L. McGough (D.C. Bar No. 991209)
LAW OFFICE OF KRISTIN L. MCGOUGH
400 Fifth Street, NW
Suite 350
Washington, DC  20001
202-681-6410 (telephone)
866-904-4117 (facsimile)
kristin@kmcgoughlaw.com

*Counsel for Defendant Federico Guillermo Klein*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) ) ) |
| v. | )  Criminal No. 1:21-CR-00236-JDB ) ) |
| **FEDERICO GUILLERMO KLEIN**, | ) ) |
| Defendant. | ) ) |

**CERTIFICATE OF SERVICE**

On July 12, 2021, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to the following registered parties:

> Kimberley Charlene Nielsen
> Jocelyn Bond
> U.S. Attorney's Office
> 555 4th Street, Northwest
> Washington, District of Columbia  20532

                                       */s/ Stanley E. Woodward, Jr.*
                              Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                              BRAND WOODWARD, ATTORNEYS AT LAW
                              1808 Park Road NW
                              Washington, DC  20010
                              202-996-7447 (telephone)
                              202-996-0113 (facsimile)
                              Stanley@BrandWoodwardLaw.com

                              *Counsel for Defendant Federico Guillermo Klein*