IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> v. <br><br> **FEDERICO GUILLERMO KLEIN,** <br><br> **Defendant.** | ) <br> ) <br> )    Criminal No. 1:21-CR-00236-JDB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## REPLY IN SUPPORT OF MOTION FOR RETURN OF PROPERTY

Will the government introduce as evidence the car from which Mr. Klein's was seized? *Of course not.* Indeed, it has already been returned to Mr. Klein and the government will rely on photographs to document "that the phone came from [Mr.] Klein's car." Opp. at 11 (ECF No. 44). So too should Mr. Klein's physical cell phone be returned. Notably, the government cites no authority to the contrary and instead blanketly asserts: "the defendant's physical iPhone SE is necessary for this process." Opp. at 7 (ECF No. 44). To the contrary, Mr. Klein's cell phone is no longer necessary evidence.

As the government concedes, it is the "testimony of the individual who forensically imaged the phone" as well as the "testimony of any other individual in the chain-of-custody" of the phone, Opp. at 7 (ECF No. 44), who will establish that any digital media used as evidence "is what the [government] claims it is." Fed. R. Evid. 901(a). The government asserts that "[w]ithout the ability to connect the phone contents directly to [Mr.] Klein, the stand-alone phone contents would be largely irrelevant." Opp. at 7 (ECF No. 44). Like Mr. Klein's car, however, the phone is not necessary to establish that the evidence seized therefrom was, in fact, seized therefrom.

Page 1

The government does not attempt to support its bald assertion. Assuming a proper chain-of-custody demonstration, would a court actually entertain an objection to the authentication of evidence based solely on the fact that the source from which the evidence was seized is not present? *Of course not.* Nor must the government present to the jury the car from which Mr. Klein's cell phone was seized. Why is Mr. Klein's cell phone any different?

The government asserts that Mr. Klein's physical phone must be retained as evidence because "approximately 5% of the data on the phone was not transferred from the phone." Opp. at 3 n.1 (ECF No. 44). Yet the government does not suggest, because it cannot, that maintaining the physical possession of the phone will allow it to ultimately extract that data. As the government concedes, "[t]his is not uncommon." *Id.*

The government also asserts that the evidence seized from Mr. Klein's phone "is not available to the government through other means." While that may be true,[1] the continued possession of Mr. Klein's phone is unnecessary given that his Signal conversations have already been seized.

Neither does the case law cited by the government bolster its position. The prosecution in *Durham* may have benefitted from having the creator of the videos in question testify as to their authenticity, but neither *Durham* nor any other decision cited by the government require the creator of media evidence to authenticate it. *See United States v. Durham*, 902 F.3d 1180, 1230 (10th Cir. 2018). To that end, the cases cited by the government do not address whether a physical cell phone is necessary to authenticate the media seized therefrom.

---

[1] What the government neglects to acknowledge about Signal conversations is that they exist on both the phone of the sender and the recipient. The government has already seized Mr. Klein's Signal conversations, but even it could not, nothing precludes the government from seeking these conversations from the recipient's phone.

As Justice Roberts recently admonished, "the progress of science" must not "erode [the] Fourth Amendment['s] protections." *Carpenter v. United States*, 138 S. Ct. 2206, 2214 (2018). The government does not explain why it cannot create a mirror image of Mr. Klein's cell phone so as to permit it contents. *See Durham*, 902 F.3d at 1230-31. Cell phones have become "an important feature of human anatomy." *Riley v. California*, 573 U.S. 373, 385 (2014). "The fact that technology now allow an individual to carry such information in his hand does not make the information any less worthy of the protection for which the Founders fought." *Id.* at 403. The government may have obtained a warrant to seize information *contained on* Mr. Klein's cell phone, but that doesn't justify the potentially indefinite seizure of the phone itself. "[T]he government may not by exercising its power to seize, effect a De facto forfeiture by retaining the property seized indefinitely." *United States v. Premises Known as 608 Taylor Ave., Apartment 302*, 584 F.2d 1297, 1302 (3d Cir. 1978).

## CONCLUSION

For the reasons set forth above, Mr. Klein respectfully requests this Court order the government to return to Mr. Klein his physical iPhone.

[SIGNATURE ON NEXT PAGE]

Dated: August 3, 2021                              Respectfully submitted,

                                                                    */s/ Stanley E. Woodward, Jr.*
                                            Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                            BRAND WOODWARD, ATTORNEYS AT LAW
                                            1808 Park Road NW
                                            Washington, DC  20010
                                            202-996-7447 (telephone)
                                            202-996-0113 (facsimile)
                                            Stanley@BrandWoodwardLaw.com

                                            Kristin L. McGough (D.C. Bar No. 991209)
                                            LAW OFFICE OF KRISTIN L. MCGOUGH
                                            400 Fifth Street, NW
                                            Suite 350
                                            Washington, DC  20001
                                            202-681-6410 (telephone)
                                            866-904-4117 (facsimile)
                                            kristin@kmcgoughlaw.com

                                            *Counsel for Defendant Federico Guillermo Klein*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) ) ) | Criminal No. 1:21-CR-00236-JDB |
| v. | ) ) |  |
| **FEDERICO GUILLERMO KLEIN**, | ) ) |  |
| Defendant. | ) ) |  |

## CERTIFICATE OF SERVICE

On August 3, 2021, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to the following registered parties:

Kimberley Charlene Nielsen
Jocelyn Bond
U.S. Attorney's Office
555 4th Street, Northwest
Washington, District of Columbia  20532

       */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD, ATTORNEYS AT LAW
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Federico Guillermo Klein*